Lawrence H. MELIN, Jr. and Sandra S. Melin, Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.

Nos. 93–1208, 93–1210.

United States Court of Appeals, Seventh Circuit.

Submitted March 29, 1995.[1]

Decided May 12, 1995.

Declan J. O'Donnell (submitted), Englewood, CO, for petitioners-appellants.

Gary R. Allen, David I. Pincus, Kevin M. Brown, Edward T. Perelmuter, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, for respondent-appellee.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). Appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal *is* submitted on the briefs and record.

CUMMINGS, Circuit Judge.

The appellants present us with a jurisdictional question that has been answered by a number of our sister circuits: Whether the Tax Court has jurisdiction to review certain interest determinations on deficiencies that have been assessed pursuant to the Internal Revenue Code ("Code"). 26 U.S.C. § 6215. Our answer, like our sister circuits, is no. *McMullen v. Commissioner*, 27 F.3d 510 (11th Cir.1994); *Littfin v. Commissioner*, 17 F.3d 1345 (10th Cir.1994); *Bax v. Commissioner*, 13 F.3d 54 (2d Cir.1993); *see, e.g., Asciutto v. Commissioner*, 26 F.3d 108 (9th Cir.1994).

Common to these appeals is petitioners' counsel, who reappears here presenting virtually the same issues arising from the same tax shelter involved in these previously decided cases. In this case, the United States Tax Court entered two orders, based on the petitioners' stipulation, that fixed deficiencies and provided for payment of interest on the deficiencies. (Orders of December 27, 1991 and January 31, 1992). The petitioners then filed two motions pursuant to Tax Court Rule 261, "Proceeding to Redetermine Interest on Deficiency." The Tax Court denied the motions in separate orders dated October 14, 1992, which were appealed to this court and consolidated for briefing and decision.

The petitioners claim in their Rule 261 motions (the motions are identical in substance) that the civil case in which the deficiencies were assessed was slow due to a concurrent criminal investigation, and therefore the interest on the deficiencies should be abated. Petitioners assert that the Commissioner's refusal to abate the interest was an abuse of discretion, and that the interest was assessed illegally.

The Tax Court denied the motions because the petitioners, by their own admission, did not fulfill the prerequisites for reopening a case for interest redetermination pursuant to 26 U.S.C. § 7481(c).[2] The Tax Court stated further that it could not consider the abatement of interest request pursuant to 26 U.S.C. § 6404(a)(3) because section 6404(b) barred claims for abatement under section 6404(a)(3). The Tax Court also held that it could not review abatement decisions pursuant to section 6404(e)(1) because those decisions were within the Secretary's (of the Treasury) discretion.[3]

---

**2.** Section 7481(c) states in relevant part:
   **(c) Jurisdiction over interest determinations.—**
   Notwithstanding subsection (a), if—
     **(1)** an assessment has been made by the Secretary under section 6215 which includes interest as imposed by this title,
     **(2)** the taxpayer has paid the entire amount of the deficiency plus interest claimed by the Secretary, and
     **(3)** within 1 year after the date the decision of the Tax Court becomes final under subsection (a), the taxpayer files a petition in the Tax Court for a determination that the amount of interest claimed by the Secretary exceeds the amount of interest imposed by this title,
   then the Tax Court may reopen the case solely to determine whether the taxpayer has made an *overpayment of such interest and the* amount of any such overpayment. * * *

**3.** Section 6404 states in relevant part:
   **§ 6404. Abatements**
   **(a) General rule.—**The Secretary is authorized to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which—
       \*   \*   \*   \*   .\*   \*
     **(3)** is erroneously or illegally assessed.

   **(b) No claim for abatement of income, estate, and gift taxes.—**
   No claim for abatement shall be filed by a taxpayer in respect of an assessment of any tax imposed under subtitle A or B [Income Taxes or Estate and Gift Taxes].

     \*    \*    \*    \*    \*    \*

   **(e) Assessments of interest attributable to errors and delays by Internal Revenue Service.—**
     **(1) In general.—**In the case of any assessment of interest on—
     **(A)** any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting in his official capacity) in performing a ministerial act, or
     **(B)** any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such an officer or employee being erroneous or dilatory in performing a ministerial act, the Secretary may abate the assessment of all or any part of such interest for any period. * * *

The Tax Court is a court of limited jurisdiction and does not have jurisdiction over challenges to interest determinations in most circumstances. 26 U.S.C. § 7442; *Bax*, 13 F.3d at 56; *Boyer v. Commissioner*, T.C.M. 1994–267, 1994 WL 252578 (1994). Congress has not expressly granted jurisdiction over section 6404 challenges. The petitioners argue that by passing section 7481(c), Congress "inferred" that the Tax Court should take jurisdiction over all interest questions, including the abatement decision articulated in section 6404(e)(1) that the Tenth and Eleventh Circuits have found to be discretionary. *See, e.g., Selman v. United States*, 941 F.2d 1060 (10th Cir.1991); *Horton Homes, Inc. v. United States*, 936 F.2d 548 (11th Cir.1991). We disagree with the petitioners. Congress made no mention of abatement or section 6404(e) when it enacted section 7481(c), and section 7481(c) is clear about its three prerequisites for jurisdiction. Congress did not expressly grant blanket federal court jurisdiction over interest issues through section 7481(c), and we have neither the authority nor the desire to do so here.

The Tax Court, therefore, does not have jurisdiction to review the Secretary's interest determination because Congress has not specifically granted such authority. The Tax Court decision is

AFFIRMED.