122 T.C. No. 22

UNITED STATES TAX COURT

WILLIAM F. URBANO AND FLOTA L. URBANO, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14466-02L.          Filed June 10, 2004.

Following R's audit of Ps' 1993 through 1996
Federal income tax returns, R's revenue agent (A)
prepared a Form 4549-CG, Income Tax Examination
Changes, that listed $7,556.09 as the total amount of
Federal income taxes, penalties, and interest Ps owed
for those years. Ps signed the form, consenting to R's
immediate assessment and collection of the $7,556.09
and waiving their right to challenge in this Court the
findings of A contained in that form, and delivered the
signed form to A with a check for the stated amount.
Subsequently, R determined that A had understated the
interest due for 1993 by prematurely taking into
account net operating loss (NOL) carrybacks to that
year in disregard of sec. 6601(d)(1), I.R.C.
R determined that Ps were liable for recalculated
interest of $39,558.63 for 1993, instead of $1,548.23
as originally calculated by A, and filed a notice of
Federal tax lien to secure Ps' payment of $31,455.49 of
that interest considered by R still to be owed for 1993
as of the time of the lien's filing. At the hearing

held under sec. 6320(b), I.R.C., Ps challenged the existence and amount of the interest underlying the lien and, alternatively, requested an abatement of interest under sec. 6404(a)(1) and (e)(1), I.R.C. R's Office of Appeals (O) upheld R's recalculation of the interest as correct and sustained R's filing of the lien as proper.

Held: Ps' waiver in the Form 4549-CG does not preclude Ps from challenging in this proceeding the existence and amount of interest underlying the lien.

Held, further, under sec. 6330(c)(2)(B) and (d), I.R.C., as made applicable by sec. 6320(c), I.R.C., this Court has jurisdiction to decide Ps' alternative claims that (1) R's recalculation of interest for 1993 was incorrect and (2) R is precluded from collecting the amount reflected in the recalculation.

Held, further, Ps' interest for 1993 must be computed by taking their NOL carrybacks into account at the times set forth in sec. 6601(d)(1), I.R.C. The fact that A listed in the Form 4549-CG a lower amount of interest for 1993 and that Ps paid that lower amount does not preclude R from now collecting the proper amount of interest.

Held, further, Ps do not qualify for an abatement of interest under sec. 6404(a)(1) or (e)(1), I.R.C.

William F. Urbano and Flota L. Urbano, pro sese.

Karen Nicholson Sommers, for respondent.

OPINION

LARO, Judge: This case is before the Court for decision without trial. See Rule 122.[1] Petitioners petitioned the Court under section 6330(d)(1), as made applicable by section 6320(c),

_____

[1] Rule references are to the Tax Court Rules of Practice and Procedure. Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code.

to review the determination of respondent's Office of Appeals (Appeals) sustaining respondent's filing of a notice of Federal tax lien (NFTL). Respondent filed the NFTL to secure the payment of $31,455.49 shown in his records to be due from petitioners as of March 25, 2002, with respect to their 1993 Federal income tax. The $31,455.49 is all attributable to interest (disputed interest) that respondent assessed on April 27, 1998. Respondent's records show that petitioners' liability for 1993 has increased to $43,818.27 as of August 6, 2002, to reflect (1) fees and collection costs of $16 which respondent recorded on April 15, 2002, and (2) unassessed accrued interest of $12,346.78.

Petitioners argue that they are not liable for the disputed interest because they promptly paid respondent the $7,556.09 for Federal income taxes, penalties, and interest that the revenue agent who audited their 1993 through 1996 Federal income tax returns had agreed with them was their total Federal income tax liability for those years. The revenue agent had set forth the $7,556.09 on a Form 4549-CG, Income Tax Examination Changes, which petitioners promptly signed and returned to the revenue agent with their payment. Respondent's service center in Fresno, California (service center), later concluded that the revenue agent had understated the amount of interest petitioners owed by

prematurely taking into account net operating loss (NOL) carrybacks to 1993 in disregard of section 6601(d)(1).

We decide first whether petitioners may challenge in this proceeding the existence and amount of the disputed interest. We hold they may. We decide second whether we are empowered to decide petitioners' alternative claims that (1) the service center's recalculation of interest for 1993 was incorrect and (2) respondent is precluded from collecting the amount reflected in the recalculation. We hold we are. We decide third whether the amount of the disputed interest, without consideration of any abatement thereof, equals as of the time of the lien the amount then sought by respondent. We hold it does. We decide fourth whether any of the disputed interest qualifies for abatement under section 6404(a)(1) or (e)(1). We hold it does not.

## Background

The facts in this background section are obtained from the parties' stipulation of facts, the exhibits submitted therewith, and the pleadings. Petitioners resided in Monarch Beach, California, when their petition was filed.

Petitioners' 1993 Federal income tax return reported for that year that petitioners had negative total income of $113,381, negative taxable income of $175,161, and Federal income tax of zero. The return reported that the computation of total income included interest income of $11,558, capital losses totaling

$2,657, deductible rental and partnership losses totaling $25,000, and NOL carryovers totaling $97,282.[2]  The return also reported that petitioners had sold their home during 1993 at a gain of $904,596 and that they planned on replacing the home within the applicable period of section 1034.  On or about June 4, 1996, petitioners amended their 1993 return primarily to recognize $630,764 of the gain realized on the sale of their home and to offset that gain by $604,345 of NOLs inclusive of (1) the previously mentioned $97,282, (2) $25,000 reportedly from 1993, (3) $171,055 reportedly from 1994, and (4) $311,008 reportedly from 1995.  The amended return reported that petitioners' Federal income tax liability for 1993 continued to be zero.

Respondent's revenue agent audited petitioners' 1993 through 1996 Federal income tax returns and concluded his audit on or about February 3, 1998, with the issuance of a letter to petitioners' representative, Sam Bellavia, C.P.A. (Bellavia).  That letter was accompanied by a Form 4549-CG (with supporting schedules) completed by the revenue agent as to his audit of petitioners' 1993 through 1996 tax returns.  The letter and the Form 4549-CG (inclusive of the supporting schedules) informed Bellavia of the revenue agent's adjustments to petitioners' 1993 through 1996 tax returns and the revenue agent's conclusion that

---

[2] Of the $97,282, $38,891 was from 1990, $25,000 was from 1991, and $33,391 was from 1992.

those adjustments resulted in the following additional tax, penalties, and interest:

|  | 1993 | 1995 |
|---|---|---|
| Alternative minimum tax | $3,221.00 | $1,510.00 |
| Sec. 6662 accuracy-related penalty | 644.20 | 302.00 |
| Interest computed until Mar. 5, 1998 | 1,548.23 | 330.66 |
|  | 5,413.43 | 2,142.66 |

As to 1993, the revenue agent listed on the Form 4549-CG and the supporting schedules that he had determined the following adjustments as increases or decreases to the taxable income petitioners reported on their 1993 return:

| Capital gain | $630,764 |
|---|---|
| Sec. 465 limited at risk | 6,880 |
| Itemized deductions | 1,983 |
| NOL carryback from 1994 | (166,364) |
| NOL carryback from 1996 | (301,269) |
|  | 171,994 |

The revenue agent's letter to Bellavia advised Bellavia to discuss the adjustments with petitioners and, if acceptable to them, to have them sign and date the Form 4549-CG and return it to the revenue agent. The letter stated that "It would be appreciated if they [petitioners] would remit the balance due of $7,556.09 [$5,413.43 + $2,142.66] at that time." On March 3, 1998, petitioners signed the Form 4549-CG and returned it to the revenue agent with a check for $7,556.09. The Form 4549-CG stated immediately above their signatures:

> Consent to Assessment and Collection –– I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in United States Tax Court the findings in this report. Therefore, I give

my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law. It is understood that this report is subject to acceptance by the District Director.

Subsequently, respondent transferred the case to the service center for assessment. Following its review of the Form 4549-CG and supporting schedules, the service center concluded that the revenue agent had understated the amount of interest due for 1993 by prematurely netting the NOL carrybacks from 1994 and 1996 against the adjustments for 1993. The service center determined that the deficiency and related interest for 1993 were $130,926 and $39,558.63, respectively.

On March 20, 2002, respondent filed the NFTL to secure the payment of the disputed interest of $31,455.49 shown in his records still to be due from petitioners as of March 25, 2002, with respect to their 1993 Federal income tax.[3] Respondent had assessed all of this interest on April 27, 1998. Petitioners requested a hearing under section 6320(b) as to this filing, and Appeals later held that hearing with Bellavia. At the hearing, petitioners challenged the existence and amount of the interest

_____

[3] The reduction in interest from $39,558.63 to $31,455.49 was attributable to (1) $1,548.23 of interest that was included in petitioners' payment of $7,556.09, (2) $15.89 of overpayment credits that were applied from 1995 and 1998, and (3) $6,539.02 of interest abated on May 4, 1998, in connection with respondent's same-day tax abatement of $79,726 from the 1996 NOL carryback. (Respondent on Apr. 27, 1998, had abated $47,979 of tax for the 1994 NOL carryback.)

underlying the lien and sought an abatement of interest under section 6404(a)(1) and (e)(1). Appeals concluded that the interest underlying the lien was calculated correctly. Appeals, without giving any consideration to petitioners' request for an abatement of interest, also concluded that the interest as calculated was due and, accordingly, that the lien was proper. Appeals noted in the notice of determination that petitioners agreed with the revenue agent's adjustments to their 1993 income as originally reported, that these adjustments (exclusive of the NOL carrybacks) resulted in a $130,926 deficiency for 1993, and that the revenue agent had improperly applied the NOL carrybacks in his calculation of statutory interest for 1993. In connection with the hearing, Appeals delivered to Bellavia a statement detailing respondent's computation of the disputed interest and a copy of section 6601(d)(1), the relevant statutory provision.

## Discussion

We start our analysis with a discussion of our jurisdiction to decide this case. Whether we have jurisdiction over the subject matter of a case is an issue that either party thereto, or this or an appellate court sua sponte, may raise at any time. The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not have the power to decide it. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); David

Dung Le, M.D., Inc. v. Commissioner, 114 T.C. 268, 269-270
(2000), affd. 22 Fed. Appx. 837 (9th Cir. 2001).

The Internal Revenue Code provides for our jurisdiction, and
we may exercise our jurisdiction only to the extent authorized by
Congress. Neilson v. Commissioner, 94 T.C. 1, 9 (1990); Naftel
v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442.
Here, the relevant jurisdictional provision is found in section
6330(d)(1), by cross-reference from section 6320(c). Sections
6320(c) and 6330(d)(1) entitle taxpayers such as petitioners
whose property is subject to a Federal tax lien to appeal a
determination made by Appeals sustaining the propriety of that
lien. Section 6330(d)(1)(A) provides that the appeal shall be
"to the Tax Court (and the Tax Court shall have jurisdiction with
respect to such matter)". Section 6330(d)(1)(B) provides that
the appeal shall be to a Federal District Court "if the Tax Court
does not have jurisdiction of the underlying tax liability".

We have previously construed section 6330(d)(1) as granting
us jurisdiction over a lien case brought under section 6320 when
it involves a type of tax that we normally consider in a
deficiency case, even if the lien case does not involve a
deficiency in that type of tax. See Montgomery v. Commissioner,
122 T.C. 1 (2004). While the type of tax here is Federal income
tax, a tax that we normally consider in a deficiency case,
petitioners do not dispute their liability for the Federal income

tax respondent determined for 1993.  Petitioners dispute only respondent's assessment of the statutory interest related to the tax.  Respondent computed that interest under section 6601.

We generally lack jurisdiction over issues concerning interest computed under section 6601.  Med James, Inc. v. Commissioner, 121 T.C. 147, 151 (2003).  We have jurisdiction to redetermine such interest primarily in two types of situations. First, section 7481(c) authorizes the Court to redetermine an overpayment of interest if a taxpayer timely petitions the Court to do so.  Id. at 151-153.  Second, section 6404(h) authorizes the Court to review for an abuse of discretion the Commissioner's refusal to abate interest under section 6404.  Woodral v. Commissioner, 112 T.C. 19, 22-23 (1999).  As relevant herein, section 6404(e)(1) gives the Commissioner the discretion to abate the assessment of interest on:  (1) Any deficiency attributable to any error or delay by an officer or employee of the Internal Revenue Service in performing a ministerial act, or (2) any payment of any tax described in section 6212(a) to the extent that any error or delay in payment is attributable to the officer's or employee's being erroneous or dilatory in performing a ministerial act.[4]  In addition, section 6404(a)(1) gives the

_____

[4] Sec. 6404(e) was amended by sec. 301(a)(1) and (2) of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1457 (1996), to permit the Commissioner to abate interest with respect to an unreasonable error or delay resulting from managerial or
(continued...)

Commissioner the discretion "to abate the unpaid portion of the assessment of any tax or any liability in respect thereof" that is excessive in amount. As one limitation to the latter provision, section 6404(b) provides that a taxpayer may not file a claim for abatement "in respect of an assessment of any [income, estate, or gift] tax imposed under subtitle A or B".

Petitioners' representative at the administrative hearing was not an attorney, and they are appearing before this Court pro sese. We understand them to have asserted at the administrative hearing that they are not liable for the disputed interest because: (1) The revenue agent forgave that interest in settlement of their case and (2) respondent assessed that interest without notifying them beforehand. We also understand them to have asserted at the administrative hearing that, if they are liable for the disputed interest, respondent should have abated this interest under section 6404(a)(1) as inequitable and unjust, or under section 6404(e)(1) as attributable to an error or delay by the Internal Revenue Service in performing a ministerial act. We understand petitioners to be making here allegations similar to those that they made at the administrative hearing. We conclude that petitioners' petition to this Court is

---

⁴(...continued)
ministerial acts. That amendment does not apply here in that it is effective for interest accruing on deficiencies for taxable years beginning after July 30, 1996. Id.

in part a request under section 6404(e)(1) for an abatement of interest. Thus, given that we have jurisdiction to review a taxpayer's claim for any abatement of interest under section 6404, Woodral v. Commissioner, supra at 22-23, we hold that we have jurisdiction in the instant case to review the determination of Appeals as to petitioners' underlying tax liability consisting of the disputed interest, see Katz v. Commissioner, 115 T.C. 329, 340-341 (2000). We note in this regard that petitioners have never received a notice of deficiency for 1993, nor have they otherwise had a previous opportunity to challenge the disputed interest.

Respondent argues that petitioners may not in this proceeding challenge their underlying tax liability consisting of the disputed interest. According to respondent, petitioners waived their right to challenge this liability when they signed Form 4959-CG. We disagree. The Form 4549-CG petitioners signed states that they were waiving their right to contest in this Court the findings set forth in that form. We read nothing in the Form 4549-CG signed by petitioners that precludes them from challenging in this proceeding respondent's finding made after the execution of Form 4549-CG that petitioners are liable for the disputed interest of $39,558.63. Although the $39,558.63 was "interest as provided by law", it was not among the findings set

forth on the form. To the contrary, $1,548.23 of interest was listed on Form 4549-CG as due for 1993.

Respondent relies erroneously on Aguirre v. Commissioner, 117 T.C. 324 (2001). There, the taxpayers petitioned this Court under section 6330(d)(1) requesting solely that we redetermine their tax liability. The taxpayers had previously signed a Form 4549, Income Tax Examination Changes, waiving their right to contest in this Court the Commissioner's finding of that liability. We held that the taxpayers were precluded from challenging this finding by virtue of their waiver. Id. at 327. Here, by contrast, the disputed interest was not a finding included within the Form 4549-CG petitioners signed. The disputed interest was not even known by either them or respondent to have existed at that time.

We turn to the service center's recalculation of the disputed interest underlying the lien. Neither party has challenged our jurisdiction to decide petitioners' claim that the amount of that interest is not the correct amount of interest that accrued on petitioners' deficiency for 1993. Nor has either party challenged our jurisdiction to decide petitioners' claim that, if it is the proper amount, then respondent has compromised that amount to the lesser amount of interest already paid by petitioners for 1993. Still, we believe that it is incumbent upon us to discuss our jurisdiction as to both of these matters.

Petitioners are through their petition invoking the jurisdiction that Congress provided to us in section 6330(d) as made applicable by section 6320(c). Pursuant to section 6330(d), we are empowered to redetermine the amount of an underlying tax liability whenever that liability is properly at issue and is for the type of tax that we normally consider in a deficiency proceeding. Landry v. Commissioner, 116 T.C. 60, 62 (2001); see also sec. 6330(c)(2)(B). Here, the type of "tax" at issue is interest for which the parties, in part, dispute the appropriateness of an abatement under section 6404(e).

The fact that we are not specifically authorized by section 6404(h) to redetermine interest, but are specifically empowered only to decide the appropriateness of an abatement thereunder, does not mean that we also lack jurisdiction under section 6330(d) to make such a redetermination in a lien proceeding such as this. We have held that our jurisdiction under section 6330(d) allows us in a lien or levy proceeding to redetermine an underlying tax liability that is entirely self-assessed, although the liability is not a deficiency. Montgomery v. Commissioner, 122 T.C. 1 (2004); cf. sec. 6213(a). We do not read section 6330 as empowering us to decide only whether petitioners are entitled to an abatement of interest, thus remitting them to a Federal District Court lawsuit if they wish to challenge their interest liability on another ground. Added expense would be borne by

petitioners and respondent alike in connection with such a subsequent lawsuit in a Federal District Court, and it would be an inefficient use of the judiciary's limited resources to require that petitioners' liability for interest be tried in two courts instead of one.

Where as here the existence and amount of an underlying tax liability is properly at issue in an appeal brought under section 6330(d)(1), we review the taxpayer's liability de novo.  Sego v. Commissioner, 114 T.C. 604, 610 (2000).  Petitioners do not in their papers include any calculation of disputed interest but simply set forth two reasons in support of their claim that their interest liability is now zero.  Petitioners argue first that the Form 4549-CG conclusively determined their 1993 liability for Federal income tax, inclusive of penalty and interest, and that respondent is now barred from making any additional assessment for that year.  Petitioners argue second that the assessment for the disputed interest is invalid in that they were not informed about that interest before the assessment was made.

We disagree with both of petitioners' arguments.  As to the first argument, it is firmly established that section 7121 sets forth the exclusive means by which an agreement between the Commissioner and a taxpayer concerning the latter's tax liability may be accorded finality.  E.g., Hudock v. Commissioner, 65 T.C. 351, 362 (1975).  Section 7121 authorizes the Commissioner to

enter into a written agreement with any person with respect to any tax for any taxable period and provides that such an agreement shall be final and conclusive if approved by the Secretary.  See sec. 7121(a) and (b); see also sec. 7701(a)(11)(B).  Section 301.7121-1(d), Proced. & Admin. Regs., provides that all such agreements shall be executed on forms prescribed by the Internal Revenue Service.  The Commissioner has prescribed for this purpose two forms; namely, Form 866, Agreement as to Final Determination of Tax Liability, and Form 906, Closing Agreement.  Form 866 is used to determine conclusively a taxpayer's total tax liability for a taxable period.  Form 906 is used if an agreement relates to one or more separate items affecting the tax liability of a taxpayer.  Sec. 601.202(b), Statement of Procedural Rules.

Petitioners did not execute either a Form 866 or a Form 906. They executed Form 4549-CG.  Form 4549-CG is not an agreement entered into under section 7121.  See Hudock v. Commissioner, supra at 362-363.  Nor does the Form 4549-CG at hand contain any language purporting to be respondent's agreement concerning any or all of petitioners' 1993 liability for tax, penalty, or interest.  In fact, the Form 4549-CG petitioners signed does not constitute an agreement by respondent to anything at all; it merely reflects petitioners' consent to respondent's immediate assessment and collection of the taxes, penalties, and interest

included therein.  Although we understand petitioners to contend credibly that they believed that they were entering into an agreement to settle their 1993 liability when they executed the Form 4549-CG, such a unilateral belief on their part does not satisfy the requirements of section 7121.  Nor were the requirements of that section met simply because respondent accepted petitioners' check in the amount listed on Form 4549-CG as the total tax, penalties, and interest for 1993 and the other 3 years under audit.  See Parks v. Commissioner, 33 T.C. 298 (1959); see also Bowling v. United States, 510 F.2d 112 (5th Cir. 1975); United States v. Hardy, 299 F.2d 600 (4th Cir. 1962).

We also disagree with petitioners' second argument, that the assessment for the disputed interest is invalid in that they were not informed about that interest before it was assessed. Petitioners concede that the assessment was timely; we find no provision in the Internal Revenue Code that would require any such prior notification.

Interest on a Federal income tax liability generally begins to accrue from the last date prescribed for payment of that tax and continues to accrue, compounding daily, until payment is made.  See secs. 6601(a), 6622.  In the case of an income tax deficiency that is later reduced or eliminated by a carryback of an NOL, section 6601(d)(1) authorizes the Commissioner to collect deficiency interest from taxpayers such as petitioners whose

deficiencies are eliminated by NOL carrybacks.  Section 6601(d)(1), which codifies the principle announced in <u>Manning v. Seeley Tube & Box Co.</u>, 338 U.S. 561 (1950), that a taxpayer is liable for interest on a deficiency until the deficiency is paid or otherwise abated, provides that a reduction in tax by reason of a carryback of an NOL does not affect the computation of statutory interest due for the period ending with the filing date for the taxable year in which the NOL arose.

The revenue agent did not apply section 6601(d)(1) in his computation of the disputed interest.  The service center did. In accordance with the mandate of section 6601(d)(1), the service center computed petitioners' interest for 1993 by treating the carrybacks from 1994 and 1996 as if they had arisen on April 15, 1995 and 1997, respectively.  We have reviewed the specifics of the service center's computation, and we agree with that computation.  Thus, absent an abatement of any or all of the disputed interest, petitioners are liable for the amount of interest determined by the service center.

Respondent argues that petitioners do not qualify for an abatement of interest under section 6404.  We agree.  Petitioners do not qualify for an abatement of interest under section 6404(a)(1), given that this case is one "in respect of an assessment of * * * [income] tax imposed under subtitle A". See sec. 6404(b); see also <u>Melin v. Commissioner</u>, 54 F.3d 432

(7th Cir. 1995); <u>Bax v. Commissioner</u>, 13 F.3d 54, 58 (2d Cir. 1993); <u>Asciutto v. Commissioner</u>, T.C. Memo. 1992-564, affd. per order 26 F.3d 108 (9th Cir. 1994). Petitioners also do not qualify for an abatement of interest under the applicable version of section 6404(e)(1). Such an abatement requires the occurrence of a "ministerial act", and the revenue agent's disregard of section 6601(d)(1) results not from a ministerial act but from a misapplication of Federal tax law. See sec. 301.6404-4(b)(1) and (2), Proced. & Admin. Regs.

In sum, we hold for respondent as to all of the substantive matters in dispute. In so doing, we have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit. Accordingly,

<u>Decision will be entered for respondent</u>.