T.C. Summary Opinion 2006-83

UNITED STATES TAX COURT

RUSSEL S. BANKSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22863-04S.                    Filed May 22, 2006.

Russel S. Bankson, pro se.

<u>Catherine G. Chang</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463 of the
Internal Revenue Code in effect when the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, all subsequent section references are to the Internal
Revenue Code in effect at relevant times.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner on November 4, 2004. The issue for decision is whether respondent abused his discretion in sustaining a notice of Federal tax lien filed against petitioner.

## Background

Some of the facts have been stipulated, and they are so found. The record consists of the stipulation of facts and supplemental stipulation of facts with attached exhibits, additional exhibits introduced at trial, and the testimony of petitioner. At the time of filing the petition, petitioner resided in Emeryville, California.

Petitioner filed Federal income tax returns for the taxable years 2000 and 2001 but did not pay the taxes reported thereon. Respondent assessed the taxes shown on the returns, as well as related penalties and interest, and filed a notice of Federal tax lien against petitioner on May 29, 2003, in the total amount of $13,220.86. Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 on June 3, 2003.

Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. Petitioner also submitted an offer-in-compromise (OIC), in which he offered to pay $3,800 to

compromise his tax liabilities for the taxable years 2000 and 2001.[1]  The OIC was based on doubt as to collectibility. Included with the OIC was a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  The Form 433-A states that petitioner is unemployed, earns no income, and has monthly expenses of $745.  Also included with the OIC was a letter from Heidi Bernd (Ms. Bernd).  The letter is dated June 6, 2003, and states: "I hereby confirm that Russel S. Bankson * * * has resided in my household since 9/01/01 and does not pay contractual rent.  He does, however, contribute to household expenses as his available income allows."

Petitioner's OIC was assigned to an Appeals officer, who held an administrative hearing with petitioner by correspondence. In April 2004, the Appeals officer sent petitioner a letter requesting, inter alia, information about his employment history and expenses, as well as "verification of income" for Ms. Bernd. Petitioner's reply letter reiterates that he is unemployed.  It also explains that petitioner performs various personal services for Ms. Bernd, such as chauffeuring and shopping, in exchange for living with her.  The letter includes copies of petitioner's credit card statements for certain months in 2003, but does not include verification of Ms. Bernd's income.

---

[1] Petitioner's OIC also included the taxable years 1999 and 2002.  Those taxable years are not before the Court.

Petitioner and the Appeals officer exchanged additional correspondence. At some point during that time, respondent learned that petitioner was president of an active California corporation (the corporation). This information is not listed in the OIC or in petitioner's letters to the Appeals officer. Respondent sent petitioner a letter in August 2004 again requesting his employment history, as well as "Financial and other records with respect to any related corporations in which you were an officer or shareholder."

Petitioner claims he did not receive respondent's August 2004 letter. He acknowledges, however, that he did not provide respondent with certain financial information, including information about the corporation, verification of Ms. Bernd's income, and a breakdown of the respective contributions toward living expenses that he and Ms. Bernd made. He also concedes his OIC does not list any constructive income in the form of reduced rent that he received from Ms. Bernd in exchange for performing services for her.

In November 2004, respondent issued petitioner a notice of determination sustaining the filing of the notice of Federal tax lien. The notice of determination states: (1) Petitioner failed to provide adequate financial information, and (2) petitioner has

the ability to pay his tax liabilities in full.[2]  The notice of determination does not include an estimate of petitioner's assets and liabilities.  However, the record contains an undated document titled "Appeals Case Memorandum" (the Appeals memorandum).  This document states that petitioner "has a credit line of $4,200" and "retirement funds of more than $2,300.  These two assets total $6,500 (which is more than the amount [petitioner] offered)."  Neither the notice of determination nor the Appeals memorandum includes an estimate of petitioner's future income.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes.  Such a lien arises when an assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

---

[2] The notice of determination includes other grounds in support of respondent's position.  Based on our resolution of issue for decision infra, we do not address these additional grounds.

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c). At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement. Sec. 6330(b) and (c)(2); sec. 301.6320-1(e)(1), Proced. & Admin. Regs. A taxpayer also may challenge the existence or amount of the underlying tax liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the

legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Here, petitioner does not seek to challenge his underlying tax liabilities.  He disputes only the rejection of his OIC.  We therefore review respondent's determination for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001).

Petitioner makes two main arguments.  First, although he acknowledges refusing to provide respondent with certain financial information, petitioner claims that such information was irrelevant to his OIC.  Second, petitioner disputes the determination that he was able to pay his tax liabilities in full.  In particular, petitioner challenges the statement in the Appeals memorandum that his $4,200 line of credit constitutes an asset available for collection.

Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws. Grounds for compromise include doubt as to collectibility, which "exists in any case where the taxpayer's assets and income are less than the full amount of the liability." Sec. 301.7122-1(b)(2), Proced. & Admin. Regs. Evaluation of an OIC based on doubt as to collectibility requires complete financial information from the taxpayer. See Roman v. Commissioner, T.C. Memo. 2004-20. Where the taxpayer refuses to provide such information, the Commissioner's rejection of an OIC does not constitute abuse of discretion. See id.; Willis v. Commissioner, T.C. Memo. 2003-302; see also sec. 301.7122-1(d)(2), Proced. & Admin. Regs.

Petitioner failed to provide complete financial information to respondent. For example, petitioner did not mention his role as president of the corporation in his OIC and failed to supply information on this subject when requested to do so.[3] Petitioner contends he did not have to provide such information because he has no ownership interest in the corporation. Even if this is true, however, respondent was entitled to request information to

---

[3] As mentioned supra, petitioner contends he did not receive respondent's August 2004 letter, which requests information about any corporation in which petitioner was an officer or shareholder. Even if this is true, however, both the Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and respondent's April 2004 letter request employment information. Petitioner nevertheless failed to provide information about the corporation.

verify this assertion and to determine whether petitioner earned income from the corporation.

Respondent also was entitled to request information concerning petitioner's living arrangements. Petitioner testified that he refused to provide income information for Ms. Bernd because he did not wish to impose upon her. The Internal Revenue Manual (IRM) provides, however, that where a taxpayer shares living expenses with a person who is not liable for the taxes owed, the offer investigator "should secure sufficient information concerning the not liable person to determine the taxpayer's proportionate share of the total household income and expenses." IRM sec. 5.8.5.5.3(3) (May 15, 2004). This information allows the investigator to "Determine which expenses are shared and which expenses are the sole responsibility of the taxpayer." IRM sec. 5.8.5.5.3(3)a and d.[4]

Petitioner also failed to provide a breakdown of the amount he paid toward his living expenses or to include in his OIC the value of the constructive income he received from Ms. Bernd. See, e.g., Langlois v. Commissioner, T.C. Memo. 1988-415 n.7 (income includes payment in kind for services rendered), affd.

---

[4] We have held that reliance on IRM guidelines in evaluating collection alternatives does not constitute an abuse of discretion. See, e.g., Orum v. Commissioner, 123 T.C. 1, 13 (2004), affd. 412 F.3d 819 (7th Cir. 2005); Etkin v. Commissioner, T.C. Memo. 2005-245; Castillo v. Commissioner, T.C. Memo. 2004-238; Schulman v. Commissioner, T.C. Memo. 2002-129.

without published opinion 886 F.2d 1316 (6th Cir. 1989).
Petitioner appears to argue that detailed income and expense
information was unnecessary because his expenses exceeded his
income; thus, even if he had constructive income, it was entirely
offset by the imputed rent he paid to Ms. Bernd.  As noted supra,
however, respondent required complete financial data to evaluate
petitioner's OIC.  See Roman v. Commissioner, supra.  Petitioner
cannot selectively withhold information because he believes it to
be irrelevant.

We conclude that petitioner failed to provide complete
financial information to respondent.  Respondent's rejection of
petitioner's OIC therefore does not constitute abuse of
discretion.  See id.; Willis v. Commissioner, supra.  With
respect to respondent's determination of petitioner's ability to
pay, we share petitioner's concern about the statement in the
Appeals memorandum that petitioner's $4,200 line of credit
constitutes an asset.  We can find no support in the IRM for this
position.  Based on our resolution of the case, however, we do
not decide whether this determination is correct.  In reaching
our holding, we have considered all arguments made, and, to the
extent not mentioned, we conclude that they are moot, irrelevant,
or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.