T.C. Summary Opinion 2007-32

UNITED STATES TAX COURT

ANTHONY EDWARD AND S.F. O'CONNOR, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8378-06S.                 Filed March 5, 2007.

Anthony Edward and S.F. O'Connor, pro sese.

Jeffrey S. Luechtefeld, for respondent.

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463 of the
Internal Revenue Code in effect when the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, all subsequent section references are to the Internal
Revenue Code in effect at relevant times.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) issued to petitioners on April 5, 2006. Pursuant to sections 6320(c) and 6330(d), petitioners seek review of respondent's determination sustaining the filing of a notice of Federal tax lien against them. The issue for decision is whether respondent abused his discretion in rejecting an offer-in-compromise (OIC) that petitioners submitted for the taxable years 2000 and 2001.

### Background

The record consists of the declaration of respondent's settlement officer, a copy of respondent's administrative file, and the testimony of petitioner Anthony O'Connor. At the time the petition was filed, petitioners resided in Citrus Springs, Florida. Petitioners have a daughter who was 9 years old at the time of trial.

Respondent made assessments against petitioners for the taxable years 2000 and 2001 for tax and related interest. Respondent also assessed an accuracy-related penalty for the taxable year 2000. Respondent filed a notice of Federal tax lien and sent petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.

Petitioners timely submitted a Form 12153, Request for a Collection Due Process Hearing.  They also submitted an OIC in which they made a cash offer of $9,500 to compromise their 2000 and 2001 tax liabilities.  The OIC was based on effective tax administration.  Petitioners stated that Mr. O'Connor had been in a serious car accident that resulted in 9 weeks of hospitalization, including 5 weeks spent in a coma, and rendered him unable to work.

Petitioners provided respondent with financial information in support of the OIC.  Petitioners indicated they owned a residence with a fair market value of $85,000 that was subject to a $55,225 mortgage.  Petitioners also indicated they owned a building with a fair market value of $149,000 that was unencumbered.  Petitioners rented a portion of the building to an unrelated party and used the remainder for Mr. O'Connor's computer and television repair business.  After Mr. O'Connor was injured, however, the repair business generated little or no income.

Petitioners' case was assigned to a settlement officer, who conducted an administrative hearing.  Petitioners did not seek to challenge the underlying tax liabilities during the hearing or offer collection alternatives aside from the OIC.

After the hearing was concluded, respondent issued the notice of determination sustaining the lien filing and rejecting

petitioners' OIC.  Respondent determined that petitioners did not meet the requirements for effective tax administration.  The notice states:  (1) Although petitioners were each unemployed, Mrs. O'Connor could work if necessary and Mr. O'Connor was only temporarily disabled; (2) petitioners' residence and the building had fair market values of $120,500 and $192,128, respectively, providing enough equity to pay the tax liabilities in full; and (3) the rent petitioners received from the building allowed them to meet their monthly living expenses.  Respondent did agree, however, to abate the assessment of the accuracy-related penalty for 2000.  Respondent also indicated that respondent would take no further collection action unless petitioners failed to file or pay future income taxes or their income increased substantially.

## Discussion

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes.  Such a lien arises when an assessment is made.  Sec. 6322.  Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c). At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment agreement. Sec. 6330(b) and (c)(2)(A); sec. 301.6320-1(e)(1), Proced. & Admin. Regs. A taxpayer also may challenge the existence or amount of the underlying tax liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B); see also Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

At the conclusion of the hearing, the Appeals officer must determine whether and how to proceed with collection, taking into account, among other things, collection alternatives proposed by the taxpayer and whether any proposed collection action balances the need for the efficient collection of taxes with the

legitimate concern of the taxpayer that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo.  However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Petitioners do not seek to challenge their underlying tax liabilities.  We therefore review respondent's determination for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Goza v. Commissioner, supra.

The sole collection alternative petitioners proposed was an OIC.  Section 7122(a) authorizes the Secretary to compromise any civil case arising under the internal revenue laws.  The Secretary may compromise a liability on the ground of effective tax administration when, inter alia, although collection in full could be achieved, collection of the full liability will create economic hardship.  Speltz v. Commissioner, 124 T.C. 165, 172-174 (2005), affd. 454 F.3d 782 (8th Cir. 2006); sec. 301.7122-1(b)(3)(i), Proced. & Admin. Regs.  Factors supporting

(but not conclusive of) a determination that collection would cause economic hardship include, but are not limited to:

> (A) Taxpayer is incapable of earning a living because of a long term illness, medical condition, or disability, and it is reasonably foreseeable that taxpayer's financial resources will be exhausted providing for care and support during the course of the condition;

> (B) Although taxpayer has certain monthly income, that income is exhausted each month in providing for the care of dependents with no other means of support; and

> (C) Although taxpayer has certain assets, the taxpayer is unable to borrow against the equity in those assets and liquidation of those assets to pay outstanding tax liabilities would render the taxpayer unable to meet basic living expenses.

Sec. 301.7122-1(c)(3)(i), Proced. & Admin. Regs.

Petitioners contend that Mr. O'Connor's injuries rendered him permanently disabled. Although Mrs. O'Connor is able to work, petitioners contend any income she earned likely would be offset by the cost of childcare for their daughter. Petitioners therefore assert that the rent from the building is their only source of income.

Mr. O'Connor testified that he had attempted to borrow against the equity in petitioners' properties but was unable to do so. Mr. O'Connor believes lenders view him as a credit risk because of his inability to work. Selling the building to pay the tax liabilities, he believes, would prevent petitioners from meeting necessary living expenses.

At trial, respondent did not dispute Mr. O'Connor's testimony. Respondent contends, however, that petitioners will not be forced to sell the building. Respondent maintains that petitioners' account will be placed in currently not collectible status as long as petitioners comply with Federal tax laws and their income does not increase substantially.

We note that this is an action to review a notice of lien and not a levy. A lien is a security device that assures the Government of its priority over other creditors. Elliott, Federal Tax Collections, Liens, and Levies, par. 9.05 (2d ed. 2005). Unlike a levy, a lien does not deprive a taxpayer of property. Id.; see also United States v. Whiting Pools, Inc., 462 U.S. 198, 210-211 (1983).

Petitioners do not dispute that the rent from the building allows them to meet their monthly living expenses. The notice of lien will not deprive petitioners of the building, the rental income therefrom, or any other property. While a notice of lien may adversely affect a taxpayer in other ways, petitioners have not demonstrated that it will cause them an economic hardship within the meaning of the regulations.

We also note that if respondent were to remove the currently not collectible designation from petitioners' account and begin further collection activity, any levy that respondent proposed would require notice and an opportunity to be heard under section

6320 or 6330.  See Speltz v. Commissioner, supra at 180.
Accordingly, we need not and do not decide whether petitioners
would suffer an economic hardship if respondent pursued a levy
action.

On the basis of our review of the record, we conclude that
respondent satisfied the requirements of section 6330(c) and did
not abuse his discretion by rejecting petitioners' OIC and
sustaining the notice of Federal tax lien filed against
petitioners.  Respondent's determination therefore is sustained.

Reviewed and adopted as the report of the Small Tax Case
Division.

To reflect the foregoing,

Decision will be entered

for respondent.