T.C. Summary Opinion 2010-1

UNITED STATES TAX COURT

HOWARD AND ANNE SLATER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15852-07S.          Filed January 11, 2010.

Howard and Anne Slater, pro sese.

<u>John R. Bampfield</u> and <u>William W. Kiessling</u>, for respondent.

GOEKE, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $32,834 deficiency in petitioners' Federal income tax and a $6,567 section 6662(a) penalty for the year 2005. The issues for decision are:

(1) Whether an Internal Revenue Service (IRS) closing notice issued 1 month after the issuance of a notice of deficiency closed petitioners' tax year. We hold it did not;

(2) whether Howard Slater (petitioner) participated in a nonqualified deferred compensation plan under section 409A. We hold he did not; and

(3) whether petitioners are liable for an accuracy-related penalty under section 6662. We hold they are not.

## Background

Petitioners resided in Florida at the time the petition was filed. Petitioner received a master's degree in taxation and was the sole owner and representative of Slater Financial Corp. (Slater Financial), registered as a broker-dealer with the Securities and Exchange Commission under section 15 of the Securities Act of 1934, ch. 404, 48 Stat. 881 (current version at 15 U.S.C. secs. 78a-78oo (2006 & Supp. 2008)).

Petitioner held four annuity accounts with Jackson National Life Insurance Co. During late April and early May of 2005 Tim Gillis (Mr. Gillis) of GE Life & Annuity Assurance Co. (Genworth)

approached Slater Financial to solicit new business.  Petitioner had no business to transfer to Genworth other than his personal annuity accounts.  Petitioner's agreement to Genworth's proposal to transfer the annuity accounts entitled him to a commission equal to a percentage of the value of the accounts.  Instead, petitioner asked Mr. Gillis to promise that he could receive his broker-dealer commission as interest prepaid into his annuity accounts, thus allowing petitioner to defer paying tax on the amount at issue.  Mr. Gillis agreed, and the parties signed contracts outlining the details of their agreements.  Among the terms addressed in these agreements is a schedule of surrender charges to which petitioner would be subject if he withdrew amounts from any of his Genworth accounts.  Petitioner executed the transfers, and an amount equal to petitioner's annuity contracts plus commissions was paid into petitioner's annuity accounts at Genworth.  Following these transactions, Genworth issued petitioner a Form 1099-MISC, Miscellaneous Income, reporting $86,868 in nonemployee compensation.  Petitioner did not receive the Form 1099-MISC because it was mailed to his prior address.  On July 2, 2007, respondent mailed a notice of deficiency to petitioners for 2005 in which respondent denied petitioner nonqualified deferred compensation treatment.  On July 30, 2007, respondent's automated underreporter (AUR) division in Philadelphia issued a closing notice for petitioners' case.

On December 4, 2007, petitioners filed a motion for entry of decision. The motion was denied by order dated January 2, 2008. On January 14, 2008, petitioners filed a motion for reconsideration of the order dated January 2, 2008. This motion was denied on January 18, 2008. Petitioners filed a second motion for entry of decision on November 17, 2008, and an amended motion for entry of decision on February 17, 2009. The amended motion for entry of decision was denied by order on February 23, 2009, following a hearing. A trial was held February 23, 2009, in Tampa, Florida.

Following the trial petitioners again filed a motion for entry of decision on March 31, 2009. For the reasons stated herein, this motion will be denied.

## Discussion

### I. Closing Notice

Petitioners believe the closing notice respondent issued after the issuance of the notice of deficiency closes their tax year and precludes any further action. They cite no authority for this proposition. Section 7121 provides the exclusive means by which the Secretary may enter into a closing agreement as to a determination of the taxpayer's final tax liability. Closing agreements are final and, following the Secretary's approval, bar reopening of the case. Sec. 7121(b). A closing notice is to be distinguished from a closing agreement under section 7121.

Whereas closing agreements are final, conclusive, and binding on the parties and generally may not be disregarded, closing notices do not have the same force and effect.  Urbano v. Commissioner, 122 T.C. 384, 393-394 (2004).  Nor did the closing notice operate to rescind the notice of deficiency under section 6212(d).  See Wong v. Commissioner, T.C. Memo. 2000-88, affd. 13 Fed. Appx. 638 (9th Cir. 2001); Rev. Proc. 98-54, 1998-2 C.B. 529.

Petitioners do not by name raise a defense of estoppel. Nevertheless, considering the nature of their claim, we think they raise that defense.  One of the elements of equitable estoppel is reliance on the action of the Internal Revenue Service (IRS) to the taxpayer's detriment.  Because the Notice CP-2005 was mailed to petitioners on July 30, 2007, after petitioners had already filed their petition on July 13, 2007, there was no detrimental reliance.  Petitioners' reliance on the closing notice to preclude any further collection action fails as an estoppel defense.  See McCoy v. Commissioner, T.C. Memo. 2008-91.  Accordingly, respondent's inquiry into the 2005 tax year is not closed.

II.  Nonqualified Deferred Compensation Treatment

Section 61(a) provides that gross income includes "all income from whatever source derived".  Section 61(a) broadly applies to any accession to wealth, and statutory exclusions from income are narrowly construed.  See Commissioner v. Glenshaw

Glass Co., 348 U.S. 426, 431 (1955).  Section 61(a)(1) lists "Compensation for services, including fees, commissions" as items includable in gross income.  Section 451(a) provides that any item of income shall be included in gross income in the year received.

Taxpayers may elect to defer recognition of certain items of income pursuant to nonqualified deferred compensation plans.  See sec. 409A.  In order for compensation to be deferred under section 409A, a nonqualified deferred compensation plan must meet the requirements of section 409A(a)(2), (3), and (4) concerning distributions, acceleration of benefits, and elections.

An independent contractor may elect to defer commission compensation for services provided only if the contractor is unrelated to the recipient of the services.  An independent contractor may not defer commission compensation under section 409A if the recipient of the services is a related party.  See Notice 2005-1, 2005-1 C.B. 274.  There is an exception to this rule if the contractor provides the service from which the commission arises to both related and unrelated parties and the same service is performed in the contractor's ordinary course of business.  See Notice 2005-1, 2005-1 C.B. 274.

If the plan fails to meet the requirements of section 409A(a)(2), (3), and (4), all compensation deferred under the plan shall be includable in gross income to the extent not

subject to a substantial risk of forfeiture. Sec. 409A(a)(1)(A). Notice 2005-1, 2005-1 C.B. 274, provides that compensation is subject to substantial risk of forfeiture when "entitlement to the amount is conditioned on the performance of substantial future services by any person or the occurrence of a condition related to a purpose of the compensation, and the possibility of forfeiture is substantial."

Petitioner argues that he meets the requirements for exclusion under section 409A. Respondent contends that the commissions petitioner received from Genworth are not conditioned upon the performance of any future service and thus not subject to a substantial risk of forfeiture under section 409A. Petitioner fails the election requirements of section 409A(a)(4)(B). Petitioner's commission arose from services he performed as an independent contractor for the benefit of related parties: him and his wife. Petitioner does not satisfy the exception in Notice 2005-1, 2005-1 C.B. 274, because he has not provided the same service for unrelated parties in his ordinary course of business.

Petitioner has failed to establish that his compensation is substantially at risk. Petitioner relies on the surrender charge, which is unrelated to the commission itself and is instead related to the nature of petitioner's annuity.

We do not find that the surrender charge is within the statutory meaning of substantial risk of forfeiture. In addition, the record does not establish that petitioner's commission was conditioned upon some future performance or occurrence. Petitioner's self-directed decision to put the commission into an annuity subject to a surrender charge is incompatible with the risk required under section 409A(a)(1)(A)(i). Petitioner has failed to produce evidence of a substantial risk of forfeiture and thus cannot defer the commission income under section 409A.

Because petitioner has failed to meet the requirements of section 409A(a)(4) and because the commission is not subject to a substantial risk of forfeiture, petitioner's commissions shall be included in petitioners' gross income under sections 61(a) and 409A(a)(1)(A).

III. Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662. Section 6662 imposes an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax which is attributable to, among other things, a substantial understatement of income tax. See sec. 6662(b)(2). Section 6662(d)(1)(A) provides that a substantial understatement of income tax exists if the

understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return; or (2) $5,000.

Section 6664(c)(1) provides that the accuracy-related penalty shall not be imposed if it is shown that the taxpayer's underpayment was attributable to reasonable cause and that his action was in good faith.  The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner underreported his tax liability by $32,834, an understatement that exceeds the amount provided under section 6662(d)(1)(A).  Petitioner, however, had reasonable cause for taking the position with respect to the commission compensation, despite our finding that he was ultimately liable for this amount.  Petitioner reasonably relied on a Genworth representative who negotiated the payment of his commission compensation and authorized the transactions so they were paid into his annuity accounts and provide him with the deferred treatment he sought.  Genworth ultimately issued petitioner a Form 1099-MISC, but the Form 1099-MISC was erroneously mailed to his old address.  Petitioner could have reasonably believed that the forms he exchanged with Genworth documenting his election for deferred treatment guaranteed such treatment by the IRS.  After considering petitioner's knowledge of the facts and understanding

of the law, we find petitioner's error was made with reasonable cause and in good faith.  Accordingly, we hold that petitioners are not liable for the penalty pursuant to section 6662.

Conclusion

For the reasons stated herein, we find respondent properly issued a notice of deficiency and that petitioners' case was not closed upon respondent's issuance of a closing notice.  In addition, we shall sustain respondent's deficiency determination and find that petitioners are not liable for a section 6662 accuracy-related penalty.

<u>Decision will be entered for respondent as to the deficiency and for petitioners as to the section 6662 accuracy-related penalty</u>.