T.C. Summary Opinion 2007-145


UNITED STATES TAX COURT


ELSA ESTELLE HOPKINS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7196-06S.            Filed August 21, 2007.


    Elsa Estelle Hopkins, pro se.

    Margaret Burow and Michael A. Skeen, for respondent.


    PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect when the petition was filed.  Pursuant to
section 7463(b), the decision to be entered is not reviewable by
any other court, and this opinion shall not be treated as
precedent for any other case.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code,

and all Rule references are to the Tax Court Rules of Practice and Procedure.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for unpaid Federal income tax for tax years 1994, 1995, and 1996, issued to petitioner on March 16, 2006.[1] After a concession,[2] the issues for decision are: (1) Whether petitioner is entitled to relief under section 6015(f) for tax years 1995 and 1996, and (2) whether respondent abused his discretion in sustaining the filing of a notice of Federal tax lien against petitioner for those years.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in San Jose, California.

Petitioner married Jack Hopkins on March 15, 1980. While they were together, petitioner and Mr. Hopkins had two children, who were 18 and 25 years old at the time of trial. During the

---

[1] At trial, respondent moved to dismiss for mootness and to strike as to tax year 1994 because payment in full before the filing of the petition rendered the proposed lien unnecessary as to that year. Respondent's motion was granted, and tax year 1994 is not in issue.

[2] Petitioner concedes the amounts of tax owed.

years in issue, petitioner worked as an engineer technician. Petitioner separated from Mr. Hopkins in December 1996, and they remained separated at the time of trial.

In March 1997, petitioner and Mr. Hopkins's home was foreclosed upon as the result of a late mortgage payment. Mr. Hopkins withdrew money from his section 401(k) account early in 1997.

Petitioner and Mr. Hopkins filed joint Federal income tax returns for tax years 1995 and 1996 but did not pay all the tax reported thereon. The unpaid tax liabilities resulted from underwithholding from wages attributable to both petitioner and Mr. Hopkins. Respondent accepted the returns as filed and assessed tax as reported by petitioner and Mr. Hopkins.

Respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing Under IRC 6330 (notice of intent to levy) dated February 7, 2004, for tax years 1994 and 1995. Respondent filed a notice of Federal tax lien against petitioner and Mr. Hopkins on April 19, 2004, for tax years 1994, 1995, and 1996 and issued them a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 on April 22, 2004.

On May 10, 2004, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, and attached a Form 8857,

Request for Innocent Spouse Relief, with attachments.[3] Petitioner included a letter with her Forms 12153 and 8857, stating that she was "willing to take responsibility" for her share of the amount of tax due.

Petitioner's request for a collection due process hearing and request for section 6015 relief were assigned to an Appeals officer. In his initial letter to petitioner, the Appeals officer requested that she provide him with all information she wanted him to consider in making his determination. The Appeals officer also requested that if petitioner wanted him to consider an alternative collection method, she complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner requested additional time to gather the requested information, and she was given a deadline of January 4, 2006, to respond. Despite being granted additional time, petitioner did not provide any additional information to respondent during the administrative hearing. Petitioner did not propose any collection alternatives, nor did she challenge the

---

[3] Petitioner's Form 12153, Request for a Collection Due Process Hearing, was filed timely as to the notice of Federal tax lien but not as to the notice of intent to levy. Petitioner had an equivalent hearing under sec. 301.6330-1(i), Proced. & Admin. Regs., for the proposed levy action for tax years 1994 and 1995, but respondent did not issue a notice of determination. At trial, respondent moved to dismiss petitioner's request for judicial review of the levy action for lack of jurisdiction since petitioner received an equivalent hearing, which is not subject to judicial review. Because we granted respondent's motion, the levy action for tax years 1994 and 1995 is not at issue.

underlying tax liabilities. After the hearing was concluded, respondent issued the notice of determination sustaining the lien filing and denying petitioner's request for section 6015 relief.

## Discussion

### I. Notice of Federal Tax Lien

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a person when a demand for the payment of the person's liability for taxes has been made and the person fails to pay those taxes. Such a lien arises at the time an assessment is made. Sec. 6322. Section 6323(a) requires the Secretary to file a notice of Federal tax lien if the lien is to be valid against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6320 provides that a taxpayer shall be notified in writing by the Secretary of the filing of a notice of Federal tax lien and provided with an opportunity for an administrative hearing. An administrative hearing under section 6320 is conducted in accordance with the procedural requirements of section 6330. Sec. 6320(c). At the administrative hearing, a taxpayer is entitled to raise any relevant issue relating to the unpaid tax, including a spousal defense or collection alternatives such as an offer-in-compromise or an installment

agreement.  Sec. 6330(b) and (c)(2)(A); sec. 301.6320-1(e)(1), Proced. & Admin. Regs.  A taxpayer also may challenge the existence or amount of the underlying tax liability, including a liability reported on the taxpayer's original return, if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Sec. 6330(c)(2)(B); see also Urbano v. Commissioner, 122 T.C. 384, 389-390 (2004); Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004).

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.  Where the underlying tax liability is properly at issue, the Court will review the Commissioner's administrative determination de novo.  Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Because petitioner does not seek to challenge the underlying tax liability, we review respondent's determination for abuse of discretion.  See Lunsford v. Commissioner, 117 T.C. 183, 185 (2001); Sego v. Commissioner, supra at 610; Goza v. Commissioner, supra at 181-182.  This standard requires the Court to decide whether respondent's determination was arbitrary, capricious, or

without sound basis in fact or law.  Woodral v. Commissioner, 112
T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166;
Fowler v. Commissioner, T.C. Memo. 2004-163.

Petitioner did not propose any collection alternatives to
the Appeals officer, did not provide requested documentation to
him, and failed to state in her Form 12153 why she did not agree
with the notice of Federal tax lien.  The sole issue that
petitioner raised was her entitlement to relief under section
6015(f).

II.  Petitioner's Request for Relief Under Section 6015(f)

Generally, married taxpayers may elect to file a joint
Federal income tax return.  Sec. 6013(a).  Each spouse filing a
joint return is jointly and severally liable for the accuracy of
the return and the entire tax due for that year.  Sec.
6013(d)(3).  A spouse who has made a joint return may, however,
seek relief from joint and several liability by following
procedures established in section 6015.  Sec. 6015(a).

In cases of underpayment, section 6015(f) applies.[4]  Section
6015(f) provides, in part, that a taxpayer may be relieved from
joint and several liability if it is determined that, taking into
account all the facts and circumstances, it is inequitable to

_____

[4] Sec. 6015(b) and (c) applies only when there is an
understatement of tax or a deficiency in tax.  See Hopkins v.
Commissioner, 121 T.C. 73, 88 (2003).  Because there is no
understatement of tax or deficiency here, these subsections do
not apply.

hold the taxpayer liable for the unpaid tax and relief is not available under section 6015(b) or (c).

A taxpayer generally may petition this Court for review of the Commissioner's determination denying relief under section 6015(f). Sec. 6015(e)(1)(A). To prevail, the taxpayer must prove that the Commissioner's denial of relief under section 6015(f) was an abuse of discretion. Fernandez v. Commissioner, 114 T.C. 324, 332 (2000); Butler v. Commissioner, 114 T.C. 276, 287-292 (2000). Petitioner bears the burden of proving that respondent's denial of equitable relief under section 6015(f) was an abuse of discretion. See Rule 142(a); Alt v. Commissioner, 119 T.C. 306, 311 (2002), affd. 101 Fed. Appx. 34 (6th Cir. 2004). Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact. See Jonson v. Commissioner, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003).

Respondent argues that in determining whether petitioner is entitled to relief under section 6015(f), the Court should consider only respondent's administrative record with respect to petitioner's taxable years at issue.[5] We generally consider only

---

[5] After trial, the parties submitted a supplemental stipulation of facts, with attached exhibits, including copies of police reports. Respondent reserved objections to the additional exhibits, on the grounds that the information was not presented to respondent's Appeals officer and was not part of the administrative record. We conclude that petitioner raised the

(continued...)

arguments, issues, and other matters that were raised at the administrative hearing or otherwise brought to the attention of the Office of Appeals.  Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); sec. 301.6320-1(f)(2), Q&A-F5, Proced. & Admin. Regs.  As stated supra note 5, petitioner raised at the administrative hearing the same issues and arguments supported by the exhibits submitted after trial.  We do not further address respondent's argument that our review is limited to the administrative record.

A.  Eligibility for Equitable Relief

As directed by section 6015(f), the Commissioner has prescribed guidelines for determining whether a spouse qualifies for relief under subsection (f).  The applicable provisions are found in Rev. Proc. 2003-61, 2003-2 C.B. 296, modifying Rev. Proc. 2000-15, 2000-1 C.B. 447.  The requesting spouse must satisfy seven conditions (threshold conditions) before the Commissioner will consider a request for relief under section 6015(f).  Rev. Proc. 2003-61, sec. 4.01, 2003-2 C.B. at 297.  The

---

⁵(...continued)
issue of relief under sec. 6015 at the administrative hearing, and more specifically, she discussed the police reports with regard to her sec. 6015 claim for relief with the Appeals officer and informed him of the reasons she did not pay the tax liabilities for the years in issue.  See Magana v. Commissioner, 118 T.C. 488, 493-494 (2002).  On the basis of the issues petitioner raised in her administrative hearing, respondent's objections are overruled, and we consider the additional exhibits in our review of respondent's determination.

threshold conditions of this section are stated in the conjunctive, and each condition must be satisfied for a taxpayer to be eligible to submit a request for equitable relief under section 6015(f). Id.

Respondent does not dispute that petitioner satisfies the first six threshold conditions. The seventh threshold condition requires that the tax liability from which the requesting spouse seeks relief must be attributable to an item of income of the nonrequesting spouse, unless one of four stated exceptions applies. Rev. Proc. 2003-61, sec. 4.01(7). A portion of the liability for each of the years at issue is attributable to petitioner. Because none of the exceptions applies, petitioner is not entitled to relief with respect to the portion of each liability that is attributable to her income.

Respondent agrees that, to the extent that petitioner is seeking innocent spouse relief only for the portions of the liabilities attributable to Mr. Hopkins, she meets the seven threshold conditions. We accept respondent's concession that petitioner has met the seven threshold requirements and therefore consider whether she is entitled to relief as to Mr. Hopkins's portion of each liability.

B. Circumstances Under Which the Commissioner Ordinarily Will Grant Relief

Rev. Proc. 2003-61, sec. 4.02(1), 2003-2 C.B. at 298, provides that equitable relief will ordinarily be granted as to

unpaid liabilities if, in addition to the seven threshold conditions, each of the following conditions is met: (1) The requesting spouse is no longer married to, is legally separated from, or has not been a member of the same household as the nonrequesting spouse at any time during the 12-month period ending on the date of the request for relief; (2) it was reasonable for the requesting spouse to believe that the nonrequesting spouse would pay the tax liability; and (3) the requesting spouse will suffer economic hardship if relief is not granted.

Although petitioner has been physically separated from Mr. Hopkins for more than 1 year, at the time the returns were filed petitioner knew that the liabilities were not paid. Petitioner acknowledged at trial that she did not ask Mr. Hopkins whether he had made any payments on the amounts reported as due and owing. She assumed that if Mr. Hopkins had not paid some or all of the tax liabilities, then any amounts owed would be paid from either the balance of the proceeds from foreclosure on their home or from a disbursement from Mr. Hopkins's section 401(k) account. Petitioner did not offer any evidence demonstrating that it would have been reasonable for her to believe that Mr. Hopkins paid the reported tax liabilities for the years at issue.

Moreover, petitioner has failed to prove she would be unable to pay her reasonable basic living expenses if relief were

denied.  See sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.
Petitioner did not provide the requested Form 433-A to the
Appeals officer, but at trial she provided a monthly financial
statement that she had prepared herself.  Her financial statement
reflects that after paying all of her expenses, she would have
money left over at the end of the month.  We therefore conclude
that petitioner does not qualify for relief under Rev. Proc.
2003-61, sec. 4.02.

   C.  Factors for Determining Whether To Grant Equitable
       Relief

Where the requesting spouse satisfies the seven threshold
conditions set forth in Rev. Proc. 2003-61, sec. 4.01, but does
not qualify for relief under Rev. Proc. 2003-61, sec. 4.02, he or
she may still be granted relief if, upon taking into account all
the facts and circumstances, it would be inequitable to hold the
requesting spouse liable for all or part of the unpaid
deficiency.  Rev. Proc. 2003-61, sec. 4.03, 2003-2 C.B. at 298.
Rev. Proc. 2003-61, sec. 4.03(2) sets forth a nonexclusive list
of factors that the Commissioner will consider in determining
whether, taking into account all the facts and circumstances, it
is inequitable to hold the requesting spouse liable for all or
part of the liability.  No single factor will determine whether
equitable relief will be granted in any particular case, and the
Commissioner will consider and weigh all relevant factors,

regardless of whether the factor is listed in Rev. Proc. 2003-61, sec. 4.03.

1.  Marital status.  This factor weighs in favor of relief if the requesting spouse and the nonrequesting spouse are divorced, legally separated, or living apart.  Petitioner and Mr. Hopkins are married but have lived separately since December 1996.  This factor weighs in favor of granting relief.

2.  Economic hardship.  A taxpayer might experience economic hardship if he or she is unable to pay basic reasonable living expenses.  Sec. 301.6343-1(b)(4)(i), Proced. & Admin. Regs.  It is the taxpayer's burden to show both that the expenses qualify and that the expenses are reasonable.  Monsour v. Commissioner, T.C. Memo. 2004-190.  Petitioner has provided no evidence that she will be unable to pay basic living expenses if she is held liable for the deficiency.  This factor weighs against granting petitioner relief.

3.  Knowledge or reason to know.  In a situation where a liability has not been paid and the requesting spouse did not know or have reason to know that the nonrequesting spouse would not pay the liability, this factor would weigh in favor of granting relief.  Rev. Proc. 2003-61, sec. 4.03(2)(a)(iii).  The liabilities reported on the returns for tax years 1995 and 1996 resulted from both petitioner's and Mr. Hopkins's incomes.  At the time the returns were filed, petitioner knew that they could

not pay the amounts due.  Thus, we find that petitioner knew or had reason to know that the reported liabilities would be unpaid at the time the returns were filed.  This factor weighs against granting petitioner relief.

4.  Nonrequesting spouse's legal obligation.  Mr. Hopkins did not have a legal obligation pursuant to a divorce decree or agreement.  This factor is neutral.

5.  Significant benefit.  A significant benefit is a benefit in excess of normal support.  Sec. 1.6015-2(d), Income Tax Regs.  It is unclear how much petitioner benefited from the unpaid liabilities, but the facts and circumstances suggest that petitioner did not receive any significant benefit.  This factor is neutral.

6.  Compliance with income tax laws.  The question is whether the taxpayer has made a good faith effort to comply with tax laws in tax years after the years for which relief is requested.  Respondent reviewed petitioner's account and determined that petitioner was in compliance for tax years 1997 through 2005.  This factor weighs in favor of granting relief.

7.  Abuse or poor mental or physical health.  In addition to the foregoing factors, Rev. Proc. 2003-61, sec. 4.03(2)(b) lists factors that, if present, will weigh in favor of equitable relief, but, if not present, will not weigh against relief.  The factors are:  (1) Whether the nonrequesting spouse abused the

requesting spouse, and (2) whether the requesting spouse was in poor mental or physical health.  A history of abuse by the nonrequesting spouse may mitigate the negative effect of a requesting spouse's knowledge or reason to know.  Rev. Proc. 2003-61, sec. 4.03(2)(b)(i).

Petitioner alleges that Mr. Hopkins was verbally and mentally abusive.  Petitioner submitted copies of two police reports, dated April 25 and November 14, 1995, which document domestic disputes between petitioner and Mr. Hopkins.  The reports describe domestic arguments and a mutual altercation. The Court is sympathetic to petitioner's situation, but on the record, we cannot conclude that respondent acted arbitrarily, capriciously, or without sound basis in fact or law when respondent determined that the alleged abuse did not mitigate the negative effect of petitioner's knowledge or reason to know.  See id.  Additionally, petitioner did not allege any mental or physical health problems.  The absence of these factors will not weigh against equitable relief.  See id. sec. 4.03(2)(b).  We therefore agree with respondent's determination that these factors are neutral.

On the basis of our examination of the facts and circumstances, including the factors set forth in Rev. Proc. 2003-61, sec. 4.03, we conclude that respondent did not abuse his discretion in denying petitioner's request for equitable relief

under section 6015(f).  Because petitioner has raised no other issues, we conclude that respondent did not abuse his discretion in sustaining the filing of the notice of Federal tax lien.

<u>Decision will be entered for respondent</u>.